UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:

| | |
|---|---|
| Advantage Management Beaver Dam, LLC, | Case No. 22-21438-beh |
| Advantage Management Waupun, LLC, | Case No. 22-21439-beh |
| BDW Holdings Beaver Dam, LLC, | Case No. 22-21341-beh |
| BDW Holdings Waupun, LLC, | Case No. 22-21443-beh |
| Jointly Administered Debtors. | Chapter 11<br>(Jointly Administered<br>Under Case No. 21-21438) |

**DEBTORS' MOTION FOR ENTRY OF A FINAL DECREE AND CLOSING CASES**

Advantage Management Beaver Dam, LLC ("Management Beaver Dam"), Advantage Management Waupun, LLC ("Management Waupun"), BDW Holdings Beaver Dam, LLC ("Beaver Dam Holdings"), and BDW Holdings Waupun, LLC ("Waupun Holdings"), collectively, (the "Debtors"), hereby move for entry of a final decree closing the Debtors' cases pursuant to § 350 of the Bankruptcy Code and Fed. R. Bankr. P. 3022. In support of this motion, the Debtors state as follows:

**Jurisdiction**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(a), and the order of reference filed in this district entered pursuant to § 157(a).

2. Venue is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) as a matter regarding the administration of the Debtor's estate.

## Factual Basis for Motion

4. On April 4, 2022, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Orders for relief were entered on the same day.

5. On April 17, 2023, the Court entered the Order confirming the Debtors' plan of reorganization (the "Confirmed Plan"). (Dkt. No. 223.) No appeal of the confirmation order has been filed.

6. Pursuant to Article XI of the Confirmed Plan, the Effective Date of the Plan occurred when all specified conditions thereunder have been met. All such conditions have been met.

7. All U.S. Trustee fees have been paid in full.

8. All monthly operating reports have been filed.

9. All professional fees have been approved.

10. All Effective Date payments have been made pursuant to the Confirmed Plan.

11. The Voluntary Abstention Agreement has been executed by Michael Eisenga, pursuant to the Confirmed Plan.

12. There are no remaining or pending motions or contested matters related to these cases.

13. The Chapter 11 Final Report, Notice of Motion, and proposed Final Decree are being filed with this motion.

## Legal Basis

14. Fed. R. Bankr. P. 3022 and § 350 of the Bankruptcy Code provide that a final decree shall be entered upon the motion of a party in interest when the estate has been fully administered. Courts interpreting the meaning of "fully administered" have relied upon the 1991

Advisory Committee Note to Fed. R. Bankr. P. 3022 which sets forth the following factors:

> i) whether the order confirming the plan has become final, ii) whether deposits required by the plan have been distributed, iii) whether the property proposed by the plan to be transferred has been transferred, iv) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, iv) whether payments under the plan have commenced, and vi) whether all motions, contested matters, and adversary proceedings have been finally resolved.

15. The factors are not exhaustive and all factors do not need to be present for a determination that the estate has been fully administered. *In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990). The determination is made on a case by case basis and the court in which the case is pending is in the best position to decide whether a final decree is appropriate. *In re Union Home and Indus., Inc.*, 375 B.R. 912, 917 (Bankr. 10th Cir. 2007).

16. The wide grant of discretion to the individual courts is further recognized in the Editors' Comment that "the Advisory Committee interprets 'fully administered' very loosely and encourages courts to use substantially more discretion in deciding whether to close a Chapter 11 case then Code § 350 and the Rule literally read." Fed. R. Bankr. 3022 ed. cmt. The entry of the final decree is more akin to an administrative task than substantive issue. *In re Gould*, 437 B.R. 34, 37 (Bankr. D. Conn. 2010); citing to *In re Fibermark, Inc.* 369 B.R. 761, 765, 767 (Bankr.D.Vt.2007) (The confirmation order "…signal[s] the legal conclusion of [a] case," and "is generally regarded as the final court determination in a chapter 11 case," while the final decree "simply delineates on the docket that the case is closed; it represents the administrative conclusion of a case for record keeping purposes.").

17. Rule 3022 does not even require that a chapter 11 case "be kept open until all awarded fees and allowed claims have been paid in accordance with the confirmed plan" or

statutory fees paid. *In re Gould*, 437 B.R. 34, 37 (Bankr. D. Conn. 2010); citing to *In re Jay Bee Enterprises, Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997).

**Analysis of Legal Basis**

18. As applied to the Debtors' cases, the factors support finding that the Debtors' estates have been fully administered.

19. On April 17, 2023, the order confirming the plan was entered. The confirmation order has not been appealed.

20. All payments due on the Effective Date under the Confirmed Plan have been paid.

21. All distributions to general unsecured creditors under the Confirmed Plan have been paid.

22. All administrative expenses have been approved by the Court including fee applications for professionals employed by the Debtor.

23. No further involvement by the Bankruptcy Court is needed to administer the Debtors' estates. The Confirmed Plan will control future actions of the Debtors and Creditors as relates to the properties retained by the Debtors.

**Conclusion**

For the reasons stated in this motion, the Debtors respectfully request that the Court enter a Final Decree closing the Debtors' cases.

Dated: May 24, 2023.

*/s/ Evan P. Schmit*
Evan P. Schmit

Kerkman & Dunn
Attorneys for the Debtors

P.O. Address:
839 N. Jefferson St., Suite 400
Milwaukee, WI 53202-3744
Phone: 414.277.8200
Facsimile: 414.277.0100
Email: eschmit@kerkmandunn.com